1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Shawn Norton,                          )    No. CV 09-01358-PHX-MHM
                                            )
10                 Plaintiff,                )    **ORDER**
                                            )
11   vs.                                     )
                                            )
12                                           )
     Michael J. Astrue, Commissioner of Social)
13   Security,                               )
                                            )
14                 Defendant.                )
                                            )
15   _____)

16

17

18          Currently before the Court is Plaintiff's Application for Attorney's Fees Pursuant to

19   the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Doc. 27). The

20   Commissioner of Social Security (the "Commissioner") filed a Response, (Doc. 29), and

21   Plaintiff filed a Reply.  (Doc. 31).  After reviewing the pleadings, the Court issues the

     following Order.
22
     **I.      BACKGROUND**
23
            On June 25, 2009, Plaintiff sought judicial review of the Commissioner's decision
24
     rejecting his disability claim.   On September 27, 2009, this Court reversed the
25
     Commissioner's decision and remanded the case for an award of benefits.  In that decision,
26
     this Court found that "the ALJ's failure to consider Plaintiff's VA disability rating in
27
     reaching his decision constitute[d] legal error."  (Doc. 25 at 15).   This Court further
28

1  determined that had the ALJ properly reviewed the evidence, he would have been required
2  to find that the Plaintiff was disabled. Id.. Plaintiff subsequently filed the instant motion for
3  attorney's fees on December 15, 2010.

4  **II.    REQUEST FOR ATTORNEY'S FEES**

5         Section 2412(d)(1)(A) of the EAJA provides that a prevailing party in any civil action
6  brought by or against the United States shall be reimbursed for fees and other expenses
7  incurred by that party in the action "unless the court finds that the position of the United
8  States was substantially justified or that special circumstances make an award unjust."  28
9  U.S.C. § 2412(d)(1)(A).  To award attorney's fees under the EAJA, the Court must determine
10 (1) that the claimant was the prevailing party; (2) that the government has not met its burden
11 of showing that its position was "substantially justified" or that special circumstances make
12 the award unjust; and (3) that the requested fees and costs are reasonable.  See Perez-
13 Arellano v. Smith, 279 F. 3d 791, 793 (9th Cir. 2002).  Here, it is uncontested that the
14 Plaintiff is the prevailing party.

15       **A.    Substantial Justification**

16        Under the EAJA, the Court is required to award fees to the prevailing party unless the
17 position of the government was substantially justified.  Id. at 793.  A position is
18 "substantially justified" when it has a reasonable basis in both law and fact.  See Pierce v.
19 Underwood, 487 U.S. 522 (1988).  It is the government's burden to prove its position was
20 substantially justified.  See Barry v. Bowen, 825 F.2d 1324, 1330 (9th Cir. 1987).  The
21 Commissioner's position is substantially justified if it meets the "traditional reasonableness
22 standard–that is, it was 'justified in substance or in the main,' or 'to a degree that could
23 satisfy a reasonable person.'" Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002)
24 (citations omitted).  Further, the Commissioner's position must be substantially justified
25 "with respect to the issue on which the court based its remand." Flores v. Shalala, 49 F.3d
26 562, 569 (9th Cir. 1995).

27        Here, the government has failed to meet its burden of showing that its position was
28 substantially justified.  In reversing the Commissioner's decision to deny benefits, this Court

1   found that "the ALJ improperly disregarded the VA's disability rating that Plaintiff is unable

2   to work due to a service-connected disability." (Doc. 25 at 21). Accordingly, this Court

3   concluded that the "ALJ's decision constitute[d] legal error." Id. Furthermore, this Court

4   determined that "the ALJ would [have been] required to find Plaintiff disabled were the

5   rejected evidence credited." Id. In light of such significant procedural errors, the Court in

6   essence found that the ALJ's decision to deny benefits had no reasonable basis in law or fact.

7   Accordingly, the Commissioner's position was not substantially justified. See Shafer v.

8   Astrue, 518 F.3d 1067, 1072 (9th Cir. 2008) (finding that "the government's defense of the

9   ALJ's procedural errors was not substantially justified."); Gutierrez v. Barnhart, 274 F.3d

10  1255, 1259-60 (9th Cir. 2001) (finding an ALJ's failure to follow procedure was not

11  substantially justified); Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) (holding that

12  "the defense of basic and fundamental errors . . . is difficult to justify.").

13          Furthermore, the Commissioner's argument that its position was substantially justified

14  rests on a misreading of this Court's previous order. The Commissioner argues that "[i]n

15  remanding the case for calculation of benefits, this Court focused on . . . whether the ALJ

16  erred in evaluating the credibility of Plaintiff's subjective statements." (Doc. 29 at 4). That

17  argument, however, misunderstands the Court's previous order. In that order, Court

18  concluded that, "[a]s the ALJ's failure to evaluate the VA's disability rating constitutes legal

19  error, the Court reverses the ALJ's decision on this ground and *does not reach the other*

20  *grounds of error asserted by Plaintiff*." (Doc. 25 at 14) ( emphasis added). Specifically, the

21  Court did not reach whether the Commissioner failed to "properly evaluate Mr. Norton's

22  credibility." Id. Accordingly, because the credibility of Plaintiff's subjective statements was

23  not the "issue on which the Court based its remand," the Commissioner's arguments on that

24  point are of no consequence to the resolution of this case.

25      **B.    Reasonableness of Fees**

26          In the alternative, the Commissioner disputes the amount attorney's fees requested by

27  the Plaintiff. Specifically, the Commissioner contends that Plaintiff's requested fees award

28  of $8,799.12, representing 50.5 hours of work, should be reduced to $6969.60, for 40 hours

1   of work, a reduction of 10.5 hours of work.  The Commissioner raises two objections to

2   Plaintiff's counsel's claimed attorney hours: (1) that "Plaintiff's counsel raised only routine

3   arguments," and (2) that because Plaintiff was represented by the same law firm at the

4   administrative level, "Plaintiff's claim for approximately 30 hours spent on the statement of

5   facts at the district court level is excessive."  (Doc. 29 at 8).  The Commissioner does not,

6   however, make any specific requests as to how the reduction of hours should be ascertained.

7          "Social security cases are fact-intensive and require a careful application of the law

8   to the testimony and documentary evidence, which must be reviewed and discussed in

9   considerable detail."  Patterson v. Apfel, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000).  As

10  such, "[t]he Court will not second-guess counsel about the time necessary to achieve a

11  favorable result for his client."  Kling v. Sect'y of Dept. of Health & Human Servs., 790

12  F.Supp. 145, 152 (N.D. Ohio 1992).  However, if the requested fees are not shown to be

13  reasonable, then the Court may reduce the award.  See Hensley v. Eckerhart, 461 U.S. 424,

14  433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("It remains for the district court to determine

15  what fee is 'reasonable.' "); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir.1998) (applying

16  *Hensley* to cases involving the EAJA). Thus, "[t]he district court should exclude from [the]

17  initial fee calculation hours that were not 'reasonably expended[,] ... [and] hours that are

18  excessive, redundant, or otherwise unnecessary."  Hensley, 461 U.S. at 434; see also

19  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1211 (9th Cir.1986), reh'g denied,

20  amended on other grounds, 808 F.2d 1373 (9th Cir.1987) ("Those hours may be reduced ...

21  if the case was overstaffed and hours are duplicated; if the hours expended are deemed

22  excessive or otherwise unnecessary.").

23         In asserting that Plaintiff's counsel's hours are unreasonable, the Commissioner has

24  offered no expert or other authority to suggest that the time billed is unreasonable.  Instead,

25  it appears that the arguments advanced by the Commissioner are based merely on defense

26  counsel's own opinion as to the time necessary for the Plaintiff's counsel's research and

27  briefing of his case before this Court.  Without evidence to support the Commissioner's bald

28  assertions, the Court will not second-guess Plaintiff's counsel regarding the time expended

1   to achieve a favorable result.  See Kling, 790 F.Supp. at 152. As such, the Court finds that

2   Plaintiff's counsel's billed time of 50.5 hours of work is reasonable as required under the

3   EAJA, and thus the Court awards Plaintiff attorney's fees and costs in the amount of

4   $9147.60 as the "prevailing party" under 28 U.S.C. § 2412(d)(1)(A).[1]  That amount includes

5   $348.48 for the two hours that Plaintiff's counsel spent preparing the reply in support of his

6   fees application.

7   **III.    EAJA AWARD DISBURSEMENT**

8          Finally, the Commissioner argues that the EAJA award should be disbursed directly

9   to the Plaintiff and not to Plaintiff's counsel.  In light of the Supreme Court's recent decision

10  in Astrue v. Ratliff, the Court agrees.  130 S.Ct. 2521, 2529 (2010) (holding that the plain

11  text of the EAJA "'awards fees to the litigant.") Accordingly, the Court will direct the Clerk

12  to pay attorney's fees to the Plaintiff.

13  **IV.    CONCLUSION**

14         In sum, the Court finds that the Commissioner's position was not substantially

15  justified and that the attorney's fees requested are reasonable.

16         **Accordingly,**

17         **IT IS ORDERED** that Plaintiff's Application for Attorney's Fees Pursuant to the

18  Equal Access to Justice Act is GRANTED.  (Doc. 27). Plaintiff is awarded attorney's fees

19  totaling $9147.60, resulting from 52.5 attorney hours.

20  */ / /*

21

22

23

24

25

26         [1]Plaintiff is also entitled to an award of costs under the EAJA, 28 U.S.C. § 2412(a)(1).
    However, as costs, unlike expenses, are administered by the U.S. Department of Justice, the
27  Court will direct that the $350.00 awarded to Plaintiff for costs shall be paid out of the
28  Judgement Fund.

1        **IT IS FURTHER ORDERED** that Plaintiff is awarded $350.00 in costs, to be paid

2   out of the Judgment Fund, as administered by the Department of Justice.

3        **IT IS FURTHER ORDERED** that all fees and costs shall be paid directly to

4   Plaintiff, Shawn Norton.

5        DATED this 8th day of March, 2011.

6

7

8   _____

9            Mary H. Murguia
          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28